Edmond Bruen, Plaintiff-Appellant, v. Burton Auto Spring Corporation, a Corporation, Defendant-Appellee.

Gen. No. 52,689.

First District, Third Division.

July 2, 1970.

478

Philip H. Corboy, Richard J. Phelan and Jerome H. Torshen, of Chicago, for appellant.

Baker and McKenzie, of Chicago (Francis D. Morrissey and Thomas F. Tobin, of Chicago, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This appeal presents a question concerning the Structural Work Act, Ill Rev Stats 1959, c 48, §§ 60–69.

Plaintiff sued to recover for personal injuries suffered when he fell from a scaffold. A jury returned a verdict in favor of defendant; and judgment was entered after a post-trial motion was overruled.

In July 1960, defendant, Burton Auto Spring Corporation, owned a plant building which had in it, among other equipment, an overhead crane. McKeown Bros. Company, plaintiff's employer, was an expert in the repair of building trusses. On July 27, 1960, pursuant to a contract, McKeown, with plaintiff as one of its workmen, was repairing trusses in defendant's building. Plaintiff's employer had charge of the work. Although the overhead crane was not in operation, McKeown obtained permission to use it in the truss repairs. The crane was moved by a jeep whose driver was defendant's employee. To facilitate work on the trusses, plaintiff, at the direction of his foreman, used six or seven planks, ten to sixteen feet long, and built a scaffold by making a platform on the bridge of the crane. While working on a truss, plaintiff tried to put a piece of metal under a plank of the platform. The plank snapped off and broke. Plaintiff lost his balance and fell from the top of the crane, suffering serious injuries.

At the conclusion of the evidence, plaintiff tendered but the court refused to give three instructions.

Instruction No. 21:

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant was one of the persons having charge of the scaffold in question; . . . .

Instruction No. 27:

You are instructed that more than one person can be, under the law, in charge of the scaffold in question. . . .

Instruction No. 29:

The plaintiff claims that the defendant was one of the persons in charge of the scaffold involved in this case. . . .

The defendant denies that it violated the Structural Work Act as charged by the plaintiff; . . . that it was one of the persons having charge of the scaffold involved in this case. . . .

Plaintiff contends, as the only issue in this appeal, that the trial court committed prejudicial error in refusing to give these instructions. He argues that under the Structural Work Act defendant can be liable if it had charge of the scaffold, alone or with another, even though it was not in charge of the work where plaintiff was injured.

■ ■ The goal of the Structural Work Act is to provide workmen in extrahazardous occupations with a safe place to work. The tendency of the courts is to liberally construe the statute with this end in mind. Burgh v. Crane Const. Co., Inc., 102 Ill App2d 188, 193, 243 NE2d 590. In providing the means of achieving this goal, the legislature in section 60 of the Act mandated that "[a]ll scaffolds, hoists, cranes . . . or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing . . . of any house . . . ." shall be constructed in a safe, suitable and proper manner. In section 69 it is provided that "Any owner, contractor, subcontractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building, . . ." is liable for any injury to person or property caused by any wilful violation of the Act or any wilful failure to comply with any of its provisions. Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 319, 175 NE2d 785. Therefore, in this case, before defendant's liability to plaintiff is established, it must be shown that it was "in charge of" the work where plaintiff was injured by his fall from the scaffold. Kaminski v. Missionary Sisters of Sacred Heart, 62 Ill App2d 216, 210 NE2d 794.

Plaintiff argues that refusal to give the three instructions deprived him of a jury informed of his theory that more than one person can have charge of a scaffold; and that having charge of a scaffold, in this case,

rather than charge of the work, imposed liability on defendant under the Act. Plaintiff complains that requiring him to prove defendant was in charge of the work placed on him a higher burden of proof than the law imposes.

█ It is now settled that liability under the Structural Work Act cannot rest alone on the erection, control, or ownership of what causes the injury. See Gannon v. Chicago, M., St. P. & P. Ry. Co., supra; Larson v. Commonwealth Edison Co., 33 Ill2d 316, 211 NE2d 247; Reed v. Johnson, 55 Ill App2d 67, 74, 204 NE2d 136. For example, without proof that the person sought to be held liable was in charge of the work, ownership of planks that go to make a scaffold does not determine liability under the Act. Schaffer v. Veach, 61 Ill App2d 168, 209 NE2d 373.

█ Our study of the cases, particularly those cited by plaintiff leads us to conclude that in determining defendant's liability, it is irrelevant who had charge of the scaffold, unless this fact is related to having charge of the work. In Vykruta v. Thomas Hoist Co., Inc., 75 Ill App2d 291, 221 NE2d 99, we held that one who furnishes equipment is not put in charge of the construction or of that part of the construction in which the equipment is used. "[M]ere renting of the equipment and the repositioning and repairing of equipment which has ceased functioning are not enough. In both instances there must be something more; the owner or the supplier must be directly connected with the operation." 75 Ill App2d 291, at 303.

For these reasons we conclude that the trial court properly refused to give the jury the three instructions tendered by plaintiff. Judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.