DAVID R. ROBINSON, Plaintiff-Appellee, *v.* GREELEY AND HANSEN, Defendant and Third-Party Plaintiff-Appellant.—(E & D ROBINSON CONSTRUCTION, INC., Third-Party Defendant-Appellee.)

Second District    No. 78-491

Opinion filed May 20, 1980.—Rehearing denied September 4, 1980.

Julian Johnson, of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

Donald T. Morrison, of Morrison & Nemanich, and Paul S. Chervin, both of Waukegan, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

The plaintiff, David R. Robinson, brought this action under the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, pars. 60 through 69) against defendants, Greeley and Hansen, a partnership, to recover damages for injuries sustained by plaintiff on March 30, 1973, when he fell from an iron ladder affixed to the wall of a concrete sewer lift station being constructed for the North Shore Sanitary District. Defendants, who were the engineers employed by the sanitary district to design the system and supervise its construction, brought a third-party action for indemnity against plaintiff's employer, E & D Robinson Construction, Inc., the general contractor for this project. After trial by jury judgment was entered in the principle action on the general verdict returned in favor of plaintiff and against defendants in the sum of $325,000. In the third-party action the jury found in favor of third-party defendant, E & D Robinson Construction, Inc., as to Greeley and Hansen's claim for indemnity, and they appeal from both judgments.

In the case in chief the primary question is whether an action will lie under the Structural Work Act against engineer-draftsmen without pleading and proving they were "in charge" of the work.

The complaint as amended was in two counts in each of which plaintiff sought recovery against Greeley and Hansen for alleged violations of the Structural Work Act; a negligence count contained in the initial complaint was withdrawn by plaintiff before trial. Count II of the complaint under which the case was tried was in the traditional form required in an action under this Act and, essentially, alleged that defendants were "in charge" of the construction of the lift station and its ladder and wilfully failed to erect and construct a safe and suitable ladder so as to give adequate protection to the persons employed thereon as is required by section 1 of the Act (Ill. Rev. Stat. 1971, ch. 48, par. 60). Count II further alleged plaintiff was injured as a proximate result of defendants' wilful failure to comply with the Act and that a right of action accrued for his damages pursuant to section 9 thereof (Ill. Rev. Stat. 1971, ch. 48, par. 69).

In count I, however, plaintiff did not allege that Greeley and Hansen were in charge of the construction or work in question, but only that they had prepared the plans, specifications and drawings used in the construction and had failed to do so in a safe, suitable and proper manner to protect the safety of persons employed on the structure in violation of sections 1 and 8 of the Act (Ill. Rev. Stat. 1971, ch. 48, pars. 60 and 68), thereby subjecting the defendants to this action under the Act.

In submitting count I to the jury, the trial court, over defendants' objection, gave a burden of proof instruction offered by plaintiff (based

upon Illinois Pattern Jury Instructions, Civil, No. 180.09 (2d ed. 1971)) (hereinafter IPI Civil), which provided as follows:

"The plaintiff has the burden of proving each of the following propositions in Count I of his complaint:

First, that the defendant, Greeley & Hansen, prepared the plans and specifications for the lift station in question.

Second, that the defendant, Greeley & Hansen, failed to prepare such plans and specifications in a safe manner as claimed by the plaintiff as stated to you in these instructions and that in so acting or failing to act the defendant violated the Structural Work Act.

Third, that the plaintiff was injured and sustained damages.

Fourth, that a violation of the Structural Work Act by the defendant was a proximate cause of the injury and damage to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant."

The applicable provisions of the Structural Work Act which we consider in resolving the issue before us are as follows:

"§1. That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, * * * [so] as to give proper and adequate protection to the life and limb of any person * * * engaged thereon, or passing under or by the same * * * * * *"

"§8. It shall be the duty of all architects or draftsmen engaged in preparing plans, specifications or drawings to be used in the erection, repairing, altering or removing of any building or structure within the terms and provisions of this act to provide in such plans, specifications and drawings for all the permanent structural features or requirements specified in this act; and any failure on the part of any such architect or draftsmen to perform such duty, shall be a petty offense."

"§9. Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any * * * structure within the provisions of this act, shall comply with all the terms thereof * * *.

* * *

For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby * * *." (Ill. Rev. Stat. 1971, ch. 48, pars. 60, 68, 69.)

It is plaintiff's contention that as in count I of the complaint defendants are charged with failing to draw "safe" plans as they are required to do under section 8 of the Act, defendants need not be "in charge" of the work in order for liability to be imposed upon them under that section. Plaintiff notes also that as defendants admit they prepared the plans and specifications there was no necessity to plead or prove they were in charge of such plan preparation. Essentially, it appears to be plaintiff's theory that a civil action arises under section 9 of the Act for injuries caused by the unsafe design of a scaffold although the preparing architect or engineer had nothing to do with the actual construction of the structure where the injury occurred and was not in charge of the work.

As plaintiff correctly concedes, since *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785, it has been uniformly held that section 9 of the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, par. 69) imposes civil liability for wilful violations of the Act, or failure to comply with its provisions, upon persons "having charge of" the work (see *McGovern v. Standish* (1976), 65 Ill. 2d 54, 66, 357 N.E.2d 1134, 1141), and that recovery under the Act has been limited in all cases to those found to be so in charge. Application of the "in charge" requirement has often been made to architect-engineers, and we are unaware of any reported case in which a contrary view has been advanced. See, *e.g., Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403; *Emberton v. State Farm Mutual Automobile Insurance Co.* (1978), 71 Ill. 2d 111, 373 N.E.2d 1348; *Voss v. Kingdon & Naven, Inc.* (1975), 60 Ill. 2d 520, 328 N.E.2d 297; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630; *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247; *Kirk v. Walter E. Deuchler Associates, Inc.* (1979), 79 Ill. App. 3d 416, 398 N.E.2d 603; and *Fruzyna v. Walter C. Carlson Associates, Inc.* (1979), 78 Ill. App. 3d 1050, 1057, 398 N.E.2d 60, 63.

In urging that we depart from the standard adhered to in these cases plaintiff relies solely upon *Holt v. A. L. Salzman & Sons* (1967), 88 Ill. App. 2d 306, 232 N.E.2d 537. There, the plaintiff sought recovery in count I of the complaint against the defendant-architect on a common law negligence theory and in count II sought recovery under section 8 of the Structural Work Act. The court in *Holt*, however, declined to consider

whether civil liability based upon an alleged violation of section 8 of the Act required proof a defendant was "in charge" of the work as that issue was raised for the first time on appeal. We find no support for plaintiff's argument in *Holt.*

All efforts to extend the liability imposed by the Structural Work Act to parties who were not "in charge" of the work have been rejected by our reviewing courts. In *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763, an employee of a lathing subcontractor was injured while using a ladder owned by another subcontractor on the job. This court noted the Act does not impose liability upon one who merely furnishes defective equipment which causes injury, and absent evidence defendant could be found in charge of the work, no action would lie. Similarly, in *Huckabee v. Bell & Howell, Inc.* (1970), 47 Ill. 2d 153, 158, 265 N.E.2d 134, 137, the court reiterated the rule that "before civil liability will attach, whether the defendant is an owner, contractor, subcontractor, foreman or other person, under the Act, the defendant must have been in charge of the work." It there held an action under the Structural Work Act could not be sustained against the owner-supplier of a defective scaffold who was not "in charge of the work." See also *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 485, 394 N.E.2d 403, 405; *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54; *Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 836, 383 N.E.2d 1242, 1252; *Meek v. Spinney, Coady & Parker Architects, Inc.* (1977), 50 Ill. App. 3d 919, 365 N.E.2d 1378; *Bruen v. Burton Auto Spring Corp.* (1970), 130 Ill. App. 2d 477, 266 N.E.2d 176; and *Vykruta v. Thomas Hoist Co.* (1966), 75 Ill. App. 2d 291, 301, 221 N.E.2d 99, 104.

■■ In our view, the duty imposed upon architects and draftsmen by section 8 of the Act is, as it states, to provide in the plans and specifications prepared by them for the permanent structural features or requirements specified in the Act. Sections 2 and 6 of the Act (Ill. Rev. Stat. 1971, ch. 48, pars. 61 and 65) do provide for certain permanent structural features and these may well be the references intended by section 8 and would invoke the petty offense penalty provided for if omitted from the plans and specifications. We need not here determine whether the requirement of section 1 of the Act (Ill. Rev. Stat. 1971, ch. 48, par. 60) that all scaffolds and similar contrivances erected or constructed for use in structures shall be safe and suitable was also intended by the legislature to be considered as "permanent structural features or requirements specified in this Act * * *" within the meaning of section 8 as, in our view, plaintiff's action under count I of the complaint is invalid in any event for failure to allege and prove defendants were "in charge" of the work.

■■ The erroneous burden of proof instruction on the issues of count I

submitted by plaintiff and given to the jury over defendants' objection was peremptory in character and omitted the requirement that defendant must be "in charge" of the work, which is essential to liability under the Act. An instruction which directs a verdict for either party must contain all the elements necessary to sustain such a verdict. (*Vykruta v. Thomas Hoist Co.* (1966), 75 Ill. App. 2d 291, 301, 221 N.E.2d 99, 104; see also *Manders v. Pulice* (1970), 44 Ill. 2d 511, 256 N.E.2d 330; *Duffy v. Cortesi* (1954), 2 Ill. 2d 511, 119 N.E.2d 241; *H. Vincent Allen & Associates, Inc. v. Weis* (1978), 63 Ill. App. 3d 285, 379 N.E.2d 765; and *Dziewatkowski v. City of Chicago* (1969), 109 Ill. App. 2d 405, 248 N.E.2d 734.) While the trial court did properly instruct the jury that defendant must be "in charge" of the work to be liable under the Act as to count II of the complaint, in our view these conflicting instructions of the law applicable to an action under the Structural Work Act were prejudicial to defendant and require reversal and a new trial of the case in chief.

■■ In their appeal from the judgment in favor of third-party defendant, E & D Robinson Construction, Inc., defendants and third-party plaintiffs Greeley and Hansen contend that error in refusing an instruction tendered by them requires reversal. As we have reversed the judgment in the case in chief and remanded that action for a new trial, it necessarily follows the judgment in the third-party action cannot stand. (See *Gatto v. Walgreen Drug Co.* (1974), 23 Ill. App. 3d 628, 639, 320 N.E.2d 222, 231, *rev'd on other grounds* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied sub nom. Gatto v. Calumet Flexicore Corp.* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669; *Jones v. S.S. & E. Corp.* (1969), 112 Ill. App. 2d 79, 97-98, 250 N.E.2d 829, 839.) In order to forestall a repetition of the same error on retrial, however, we will address the issue.

Greeley and Hansen tendered their instruction No. 10 (based upon IPI Civil No. 180.15) which was objected to by third-party defendant and refused by the trial court on the grounds that the matters contained in it were covered by instruction No. 9 (based upon IPI Civil No. 500.02 (1977 Supp.)) earlier approved and ordered to be given. Refused instruction No. 10 provided as follows:

> "Elsewhere in these instructions I have used the term 'violation of the Structural Work Act.' The statute was violated if E & D Robinson Construction, Inc. failed to provide a ladder or other safety precautions under circumstances which required a ladder, or other safety precautions in order to protect the plaintiff from injury, and the counter-defendant, E & D Robinson Construction, Inc., knew or, in the exercise of ordinary care, could have known that a ladder of other safety precaution was required.

> The statute does not state when a ladder or other safety precaution is required. Whether a ladder or other safety precaution

was required under the circumstances of this case is for you to decide."

Given instruction No. 9 generally informed the jury of the issues made up by the pleadings in the third-party action and listed the conduct of E & D Robinson Construction, Inc., alleged by Greeley and Hansen to constitute the major fault causing David R. Robinson's injuries and entitling them to reimbursement. It also noted that third-party defendant denied it did any of the things claimed by Greeley and Hansen, denied that its conduct was the major fault causing plaintiff's injuries and denied Greeley and Hansen were free from major fault in causing the injuries. Third-party defendant contends that this instruction informed the jury that Greeley and Hansen's claim for reimbursement rested on the alleged failure of third-party defendant to comply with the temporary structures provision of the specifications and that tendered instruction No. 10 was therefore properly refused. *Strom v. Lipschultz* (1972), 5 Ill. App. 3d 308, 282 N.E.2d 257.

■■ We do not agree. The refused instruction stated the circumstances under which the statute would be violated if third-party defendant failed to provide a ladder or otherwise protect plaintiff from injury. The given instruction merely stated issues between these parties as formed by the pleadings. Where, as in this case, a cause of action under the Structural Work Act is based upon an alleged failure to provide a ladder or other adequate device, a party is entitled to have the jury informed by IPI Civil No. 180.15 of the circumstances under which the failure to do so would violate the Act. (*Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 370 N.E.2d 213.) This requirement is no less true in a third-party action as in the present case. As the instruction describing the general issues of the case given by the trial court cannot be said to supply the essential proposition of law contained in the refused instruction, the judgment must be reversed.

Accordingly, the judgments in favor of plaintiff and third-party defendant are reversed and the cause is remanded for a new trial.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.